**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TRENISE RATCLIFF**  CIVIL ACTION

**VERSUS**  NO. 16-7835

**SOCIAL SECURITY ADMINISTRATION**  SECTION "B"

**ORDER AND REASONS**

Before the Court are petitioner Trenise Ratcliff objections, on behalf of her minor son ("T.W.") to the Magistrate Judge's Findings and Recommendation (Rec. Doc. 20). Magistrate Judge Joseph Wilkinson Jr issued Findings and Recommendation ("Findings and Recommendations") upholding the denial of the petitioner's claim for Supplemental Security Income Benefits ("SSI") under Title XVI, 42 U.S.C. § 402 et seq. (Rec. Docs. 16 and 19).

For the reasons outlined below, **IT IS ORDERED** that the Magistrate Judge's Findings and Recommendation are adopted, overruling objections to same, and this matter is dismissed.

**PROCEDURAL HISTORY**

Ratcliff, on behalf of T.W., filed for Supplemental Security Income ("SSI") benefits on October 2, 2013 alleging a disability beginning August 15, 2006. (Rec. Doc. 13-2 at 46). Specifically, Ratcliff alleges T.W. has severe impairments of Attention Deficit Hyperactivity Disorder ("ADHD"), Borderline Intellectual Functioning ("BIF") and Depressive Disorder. (Rec. Doc. 13-2 at 49). Ratcliff's claim for SSI benefits was denied on January 10, 2014. (Rec. Doc. 13-2 at 46). The matter was referred to an

Administrative Law Judge ("ALJ") who conducted a hearing on August 29, 2014 and denied the claim. (Rec. Doc. 13-2 at 59). Petitioner filed a timely petition in this Court to review the appeals council denial of her request of the ALJ's decision on September 23, 2013. (Rec. Doc. 13-2 at 46). As noted earlier, the matter is now before us following objections to the Magistrate Judge's Findings and Recommendations. `

**ADMINISTRATIVE LAW JUDGE AND MAGISTRATE'S FINDINGS**

The Administrative Law Judge determined T.W. has "some limitations in the ability to function, but those limitations are not severe enough to be considered disabling." (Rec. Doc. 13-4 at 4). The Magistrate Judge found that "substantial evidence supports the ALJ's findings that T.W. has less than marked limitations in the domains of acquiring and using information and attending and completing tasks." (Rec. Doc. 19 at 23).

**STANDARD OF REVIEW**

Judicial review of any final decision of the Commissioner of Social Security is limited to: (1) whether the final decision is supported by substantial evidence, and (2) whether the Commissioner applied the proper legal standard when evaluating evidence. *Spellman v. Shala*, 1 F.3d 357, 360 (5th Cir. 1993); *see also Griego v. Sullivan*, 940 F.2d 942, 943 (5th Cir. 1991); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1991). If substantial

evidence supports the commissioner's findings, they are conclusive and must be affirmed. 42 U.S.C. § 405(g); *see also Spellman*, 1 F.3d at 360; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Spellman*, 1 F.3d at 360; *see also Richardson*, 402 U.S. at 401.

This Court may not reweigh the evidence, try the issues *de novo* or substitute its judgement for the Commissioner's even if the evidence weighs against the Commissioner's decision. *Bowling v. Shala*, 36 F.3d 431, 434 (5th Cir. 1994); *see also Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Commissioner, rather than the court, must resolve the conflicts in the evidence. *Id*. Nevertheless, this Court must scrutinize the record in its entirety to determine the reasonableness of the decision and whether substantial evidence exists to support it. *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir. 1988); see also *Villa v. Sullivan,* 895 F.2d 1019, 1022 (5th Cir. 1990).

**PETITIONER'S OBJECTIONS**

Petitioner requests rejection of the Findings and Recommendation and seeks remand "to SSA for further action." (Rec. Doc. 20-1 at 7). Four objections are raised. First, T.W.'s depressive disorder caused several incidents at school, markedly

3

diminished his interest or pleasure in almost all activities, decreased appetite, caused psychomotor agitation, and caused difficulty concentrating. (Rec. Doc. 13-4 at 20). Second, the screen information shows T.W. needs improvement in the areas of listening attentively, completing tasks in a reasonable time, working well independently, and completing homework. (Rec. Doc. 20-1). Third, T.W.'s difficulties in cognitive activities are well-documented because T.W.'s teacher stated he has difficulty in writing, social studies, and science. In addition, T.W. exhibits a marked cognitive impairment when compared to his same-aged peers. (Rec. Doc. 20-1). Lastly, Petitioner argues T.W. experiences marked or extreme limitations in acquiring and using information. *Id*.

**Disability Determination Process**

In 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act ("The Act") that stated "an individual under the age of 18 shall be considered disabled if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations." Personal Responsibility and Work Opportunity Reconciliation Act of 1996, PL 211(d)(1), August 22, 1994, 110 Stat 2105.

When making a determination of disability, the Social Security office uses a three-step procedure for evaluating a

4

child's claim for disability. 20 C.F.R. § 416.924 (2014). The first step is to determine if the child is doing substantial gainful activity. *Id*. If "yes" then the claimant is not disabled. *Id*. If "no" then the claim will move forward to consider physical or mental impairment(s). *Id*. If the impairment(s) is not severe, the claimant will be found not disabled. *Id*. "If the impairment(s) is severe, the impairment(s) will be reviewed to meet or equal in severity, either medically or functionally, an impairment listed in Appendix 1, Subpart P, Part 404 of the Commissioner's regulations (the Listings")." *Id*. If the claimant has such an impairment and the impairment meets the duration requirement, the claimant will be found disabled. *Id*. If not, the claimant will be found not disabled. *Id*.

If the claimant is not satisfied with the decision by the Social Security office, the claimant can request a hearing with an Administrative Law Judge. (Rec. Doc. 13-4 at 6). The claimant must provide any new evidence available and a strong reason why the decision should be reversed. *Id*. If the claimant is dissatisfied with the Administrative Law Judge's decision, the claimant can apply for review by the Appeals Court. If the Appeals Court denies review, the claimant can file in this Court.

The Court weighs four elements of proof when determining whether there is substantial evidence of a disability set forth in

20 C.F.R. § 416.924:(1) objective medical facts, (2) diagnosis and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) his age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). The claimant must prove the impairment meets or equals all specified criteria for listing. *Parks ex rel. D.P. v. Comm'r*, Soc. Sec. Admin, 783 F.3d 847, 850 (11th Cir. 2015).

**Analysis of Plaintiff's Objections**

**1. T.W.'s impairments do not meet Listing 112.04**

To meet Listing 112.04 the requirements for both 112.04(A) and 112.04(B) must be satisfied. To satisfy the requirements of Listing 112.04(A) for depression, there must be medically documented findings of at least five of the following: "depressed or irritable mood, markedly diminished interest or pleasure in almost all activities, appetite or weight increase or decrease, sleep disturbance, psychomotor agitation, fatigue or loss of energy, feelings of unworthiness or guilt, difficulty thinking or concentrating, suicidal thoughts or acts or, hallucinations." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 112.04. To satisfy Listing 112.04(B), the child must be "between the ages 3 and 18" and "at least two of the appropriate age-group criteria in paragraph B2 of 112.04." 20 C.F.R. Pt. 404, Subpt. P, App. 1.

6

Listing 112.02(b) is met when an impairment "results in at least two of the following":

> (a) "Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, and for children under age 6, by appropriate tests of language and communication; or
> (b) "Marked impairment in age—appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
> (c) "Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
> (d) "Marked difficulties in maintaining concentration, persistence, or pace."

Petitioner argues T.W.'s depressive disorder causes him to experience depressed mood, markedly diminished interest or pleasure in almost all activities, appetite decrease, and psychomotor agitation. (Rec. Doc. 20-1 at 1). The statements of Petitoner are not entirely supported by the record. To establish credibility, T.W.'s symptoms must be confirmed by medical findings. *Jackson v. Astrue*, 734 F.Supp.2d 1343, 1357 (N.D. Ga. July 15, 2010).

The only relevant medical evidence presented is T.W.'s Depressive Disorder diagnosis by Dr. Hamm and Mr. Daryl

7

Guggeriheim's teacher questionnaire. Although Dr. Hamm diagnosed T.W. with depressive disorder and prescribed Prozac, she did not provide insight to T.W.'s intensity, persistence and limiting effects of his diagnosis. T.W. has not shown symptoms of depressed mood, bipolar, feelings of guilt, hallucinations or paranoid thinking as described in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 112.04. *Sambula v. Barnhart*, 285 F.Supp.2d 815, 816 (S.D. Tex. 2002) (the child showed symptoms of Listing 112.04, but not one evaluator described the child as having any behavior, social, or personality disorders that would have been disabling. The court held the defendant's motion for summary judgement should be granted).

**2. T.W. does not meet Listing 112.11**

To meet Listing 112.11 for ADHD, T.W. must have "(a) medically documented findings or marked inattention, marked impulsiveness and marked hyperactivity; and (b) at least two of the following: marked impairment in age-appropriate cognitive communicative function, documented by medical findings and including, if necessary, the results appropriate standardized psychological tests; marked impairment in age appropriate social functioning, documented by history and medical findings; or marked difficulties in maintaining concentration, persistence or pace." 20 C.F.R. Pt. 404, Subpt.P, App. 1 §§ 112.11, 112.02(B)(2).

8

Petitoner argues that the ALJ erred in finding that T.W.'s impairments do not meet Listing 112.11. (Rec. Doc. 20-1 at 1).Dr. Hamm diagnosed T.W. with ADHD and treated with Intuniv. (Rec. Doc. 13-7 at 17, 20). The mere diagnosis and treatment of ADHD does not establish disability. 20 C.F.R. § 416.925(d); see also *Bordelon v. Astrue*, 281 F. App.'x 418, 422 (5th Cir. 2008) (citing Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983)). Both Petitioner and T.W.'s teacher expressed T.W. must be redirected during the day to complete tasks. Rec. Docs. 13-2 at 88, 13-6 at 58. Although T.W. has issues focusing, his symptoms are improved with medication. Rec. Doc. 13-2 at 82. The ALJ established T.W. has an impairment, but the impairment is not severe enough to meet the Listing of impairments in 20 C.F.R. § 416.924, 416.925, 416.926. *Bridges v. Massanari*, Case No. 00-2639 2001 WL 883218, at*1 (E.D. La. July 20, 2001) ("although the record contained references to the son's inattention, impulsiveness and hyperactivity, substantial evidence supported the ALJ's conclusion that these did not rise to the level of marked limitations."); *see also Magee v. Astrue*, Case No. 1:09cv620HSO-JMR 2011 WL 1225011 at*3 (S.D. Miss. March 29, 2011)(plaintiff contends the treating physician found marked or extreme limitations based on Listing 112.11, but the record is devoid of medical evidence); *D.T. v. Barnhart*, Case No. 02-1656 2003 U.S. Dist. LEXIS 16198, at*1 (E.D. La. March 12, 2003) ("substantial evidence showed the alleged severity of claimant's

ADHD, stomach aches, asthma and speech impairment were not supported by the record").

**3. Petitoner did not provide substantial evidence to prove a marked impairment in social functioning.**

To have a "marked" or "extreme" limitation, the court must consider the claimants functional limitations and cumulative effects. A claimant has a "marked limitation" when the impairment interferes seriously with his "ability to independently initiate, sustain, or complete activities." A "marked" limitation is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a. An extreme limitation means no meaningful function in a given area. *Id*. Accepted evidence to determine the limitations are "signs, symptoms, laboratory findings, descriptions we have about your functioning from your parents, and teachers." 20 C.F.R. § 416.926a.

Petitioner argues T.W. is socially immature because he "plays better" with little kids. (Rec. Doc. 13-2 at 89). However, on the "interacting and relating with others section" of the teacher questionnaire, T.W. has "no problem" with functioning with same age children without impairments on four out of thirteen of the sections. (Rec. Doc 13-6 at 59). T.W. has "a slight problem" on eight out of the thirteen sections, and "an obvious problem" on one out of the thirteen sections. *Id*. The reviewing psychologist Julia Wood, Ph.D. believes T.W. has "less than marked limitations

10

in interacting and relating with others and the functional domain similar to social functioning." (Rec. Doc. 19 at 15).

Petitioner has not provided sufficient evidence to prove T.W. has a marked impairment in age-appropriate social functioning. Less than marked limitations is not severe enough to meet the standard of marked impairment in social functioning. T.W.'s teacher and Dr. Wood both indicate T.W. has less than marked limitations in age appropriate social functioning, but the findings are not severe enough to meet the standard. (Rec. Doc. 13-6 at 59). Petitioner failed to prove T.W. has impairments in at least two areas of functioning to meet the Listing criteria for 112.11.

**4. T.W.'s impairments do not functionally equal listing 112.04 or 112.11**

If a claimant has a severe impairment or combination of impairments that do not meet or medically equal any listing, it must be determined whether the limitations functionally equal the listings. 20 C.F.R. § 416.926a. The impairment must result in a "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *Id*. Functional equivalence is assessed by examining the child's limitations in six domains: "(i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and

11

manipulating and completing tasks; (v) caring for yourself; and, (vi) health and physical well-being." 20 C.F.R. § 416.926(a)(b)(1).

Petitioner argues T.W. has "marked or extreme limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for himself." (Rec. Doc. 20-1 at 7). In the acquiring and using information section, T.W. has less than marked limitations. Although T.W. has deficits in reading and math, which was reflected on the standardized test scores, the scores were from one year prior and cannot be used. (Rec. Doc. 13-7 at 50). Additionally, T.W. is only in special education classes two and a half hours per day and spends five and a half hours per day in a regular classroom. T.W.'s teacher, questionnaire stated T.W. has "slight to obvious" problem in this domain and often has to be redirected during the day. (Rec. Doc. 13-6 at 58). During the ALJ hearing Petitoner stated T.W. has to be redirected at home to complete cleaning tasks. (Rec. Doc. 13-2 at 84).

"Dr. Wood reviewed T.W.'s records on January 8, 2014. Dr. Wood opined that T.W. has less than marked limitations in the two domains of acquiring and using information and attending and completing tasks. No medical evidence contradicts Dr. Wood's assessment." (Rec. Doc. 19 at 22). In addition, Dr. Wood assessed

T.W. with less than marked limitations in the ability to care for himself. (Rec. Doc. 13-6 at 8). T.W.'s teacher questionnaire does not mention limitations in T.W's ability to care for himself. (Rec. Doc. 13-6 at 58). There is not enough evidence to sufficiently prove T.W. has marked limitations in caring for himself. Petitioner argues T.W. is socially immature because "he plays better" with little kids. (Rec. Doc. 13-2 at 89). As mentioned before, T.W.'s teacher and Dr. Wood both indicate T.W. has less than marked limitations in age appropriate social functioning, but the findings are not severe enough to meet the standard. (Rec. Doc. 13-6 at 59). Thus, T.W.'s limitation in interacting and relating with others do not functionally equal listing 112.04 or 112.11.

**CONCLUSION**

Substantial record evidence supports the ALJ's findings that T.W. has less than marked limitations in the domains of acquiring and using information and attending and completing tasks. Petitioner's objections do not demonstrate error with the Magistrate Judge's Findings and Recommendations. Therefore, a judgment will be separately issued dismissing the captioned action.

New Orleans, Louisiana, this 20th day of July, 2017.

SENIOR UNITED STATES DISTRICT JUDGE

13